UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROYAL D. HALL,

       Petitioner,

  -against-

CHRISTOPHER MILLER,

       Respondent.

21-CV-00542 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

  Petitioner, currently incarcerated in Great Meadow Correctional Facility, paid the $5.00 fee to file this *pro se* petition under 28 U.S.C. §2254, challenging his 2009 conviction in the New York Supreme Court, Dutchess County. The Court denies the petition for the reasons set forth below.

### STANDARD OF REVIEW

  The Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Rule 4 of the Rules Governing § 2254 Cases, the Court has the authority to review and dismiss a § 2254 petition without ordering a responsive pleading from the state "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4; *see Acosta v. Nunez*, 221 F.3d 117, 123 (2d Cir. 2000). The Court is obliged to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (citations omitted); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Tragath v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

## BACKGROUND

The petition contains the following assertions. Petitioner was convicted in 2009 in New York Supreme Court, Dutchess County, and sentenced to one year in prison and one year of postrelease supervision. (ECF 1 ¶ 3.) Petitioner's attorney filed a brief under *Anders v. California,* 386 U.S. 738 (1967), asserting that there were no nonfrivolous issues to raise on appeal. (*Id.* ¶ 9.) The New York Supreme Court Appellate Division, Second Department, affirmed the conviction on June 7, 2011. *See People v. Hall*, 85 A.D.3d 816 (1st Dep't 2011). Petitioner learned about the *Anders* brief and the 2011 affirmance in September 2019, when he filed a motion to vacate the sentence under New York Criminal Procedure Law § 440.10. That motion is pending in the trial court. (*Id.* ¶¶ 9, 11.) Sometime after September 2019, Petitioner sought leave to appeal the affirmance of his 2011 conviction to the New York Court of Appeals, but that motion was denied in 2020. (*Id.* ¶ 11(b).) Attached to the petition are several state court submissions. (*Id.* at 16-75.)

## DISCUSSION

The United States district courts have jurisdiction to entertain petitions for *habeas corpus* relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a). The United States Supreme Court has interpreted these provisions as "requiring that the *habeas* petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Thus, to bring a § 2254 petition challenging a state court conviction, a petitioner must be in custody pursuant to the judgment of the state court. *See Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001). Parole and postrelease supervision are considered "custody" for the purposes of § 2254 *habeas corpus* jurisdiction. *See Eisemann v. Herbert*, 401 F.3d 102, 105 n.1 (2d Cir. 2005).

Petitioner filed this § 2254 petition challenging the constitutionality of a 2009 conviction for which he was sentenced to one year in prison and one year of postrelease supervision. Thus, when Petitioner filed this petition, he was no longer in custody for the sentence he wishes to challenge. The Court dismisses Plaintiff's claims for *habeas corpus* relief under § 2254 because the Court lacks jurisdiction to consider them.

According to the New York State Department of Corrections and Community Supervision website, Petitioner is presently incarcerated for a 2016 conviction.[1] *See People v Hall*, 106 N.Y.S.3d 608 (2d Dep't 2019) (affirming conviction), 116 N.Y.S.3d 173 (Dec. 31, 2019) (denying leave to appeal). Where a defendant can no longer challenge a state-court conviction "because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid." *Lackawanna*, 532 U.S. 394 at 403. When such a valid conviction is later used to enhance a sentence, the conviction may not be challenged as unconstitutionally obtained, except if the prior sentence "was obtained where there was a failure to *appoint* counsel in violation of the Sixth Amendment, as set forth in *Gideon v. Wainwright*, 372 U.S. 336 [1963]." *Lackawanna Cnty.*, 532 U.S. at 404 (emphasis added). Petitioner does not allege that there was a failure to appoint counsel in the 2009 case. Thus, if Petitioner is challenging the 2009 conviction because it was relied upon to enhance his later sentencing, *Lackawanna* precludes him from doing so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket. The petition for a writ of *habeas corpus,* filed under 28 U.S.C. § 2254, is denied.

---

[1] The Court may take judicial notice of a fact that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See* Fed. R. Evid. 201; *Scherer v. Equitable Life Assurance Soc'y,* 347 F.3d 394, 402 (2d Cir. 2003) ("[A] court may take 'judicial notice of state court records.'")

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

SO ORDERED.

Dated:   February 9, 2021
         New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.